UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

KEVIN ROHN GILL,

        Plaintiff,

vs.

DR. REMSEN, *et al.*,

        Defendants.

3:09-cv—252-RCJ-VPC

ORDER

    Plaintiff Kevin Gill filed an application to proceed *in forma pauperis*, which was granted. The complaint shall now be reviewed by this Court pursuant to 29 U.S.C. § 1915.

    Pursuant to the Prisoner Litigation Reform Act, federal courts must dismiss an *in forma pauperis* prisoner's claims, "if the allegation of poverty is untrue," or the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under §1915 when reviewing the adequacy of a complaint or amended complaint. Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *North Star Inter'l v. Arizona Corp. Comm.*, 720 F.2d 578 (9th Cir. 1983). In considering whether plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037 (9th Cir. 1980). Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972)(per curiam). However, if it appears to a certainty

that a plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint, the court may *sua sponte* dismiss the cause of action or portions thereof. *Halet v. Wand Investment Co.*, 672 F.2d 1305 (9th Cir. 1982). Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir.1988), *cert. denied*, 488 U.S. 995 (1988); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987), *quoting Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.1980) (per curiam).

Plaintiff has set out four counts in which he complains that he has suffered cruel and unusual punishment because his dental needs have been ignored or unwanted treatment has been threatened and that prison officials have given false information about his treatment or failed to properly address his concerns.

Specifically, plaintiff alleges that he was taken to see the dentist to have two abscessed teeth on the upper left side of his mouth pulled. While there, he alleges, the dentist, Dr. Remsen, attempted to administer a novocaine injection into his upper right jaw in order to pull two "more" teeth on that side. Plaintiff objected and demanded that the treatment stop. He was escorted back to his cell by the correctional officer Dennis, who had witnessed the events. Plaintiff contends that Dennis and a senior correctional officer, John Doe, gave a false report, saying the "outcome of the incident was plaintiff's fault" and that plaintiff had terminated the appointment because he was under the "mistaken impression that the dentist planned to pull more teeth than expected." Finally, plaintiff complains that defendant Associate Warden of Programs Tony Corda, refused to acknowledge his grievance or interview plaintiff about the incident and that he was unable to get the dental care he wanted and needed. Plaintiff alleges he suffered pain as well as emotions distress because of the incident. He seeks money damages.

"To state a cognizable claim under the Eighth Amendment, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To determine deliberate indifference, the court must focus on two

2

elements: "the seriousness of the prisoner's medical needs and the nature of the defendants' response to that need." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1992). Thus, the more serious the medical needs of the prisoner and the more unwarranted the defendant's actions are in light of those needs, the more likely it is that the defendant acted with deliberate indifference. *Id.* at 1061. This is true whether the indifference is manifested by prison doctors, guards, or other personnel who intentionally deny or delay access to medical care or intentionally interfere with the treatment once prescribed. *Estelle,* 429 U.S. at 104-05. An Eighth Amendment violation exists only if the medical needs of the prisoner are serious. *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Estelle,* 429 U.S. at 104. The presence of a medical condition that significantly affects an individual's daily activities or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *See, e.g., Wood v. Housewright,* 900 F.2d 1332, 1337-41 (9th Cir.1990) (citing cases); *Hunt v. Dental Dept.,* 865 F.2d 198, 200-01 (9th Cir.1989). Plaintiff contends that he has a medical condition, two abscessed teeth which caused him pain and suffering for approximately six months. Claims of chronic pain and suffering for a period of more than a month is deemed serious.

The response of the officials must be examined to determine if they have displayed "deliberate indifference" to plaintiff's serious medical condition. There are certain minimum requirements before deliberate indifference can be established. There must be a purposeful act or failure to act on the part of the defendant. *Gamble,* 429 U.S. at 105. Budgetary constraints do not justify cruel and unusual punishment, *see Jones v. Johnson,* 781 F.2d 769, 771 (9th Cir. 1986), and deliberate indifference is shown if prison medical staff are not competent to examine, diagnose, and treat the inmates' medical problems. *Hoptowit v. Ray,* 682 F.2d 1237, 1253 (9th Cir. 1982). In such an instance, the inmate must be referred to others who can properly examine, diagnose and treat the inmate. *Id.*

Plaintiff has made a sufficient showing of deliberate indifference on the part of defendants Dr. Remson, C/O Dennis, and Senior C/O Doe. Although he was offered treatment for the abscessed teeth, it is alleged that he was also threatened with having other teeth removed; teeth which were not causing him pain. It is also alleged that the correctional officers failed to assist plaintiff in obtaining the proper care when they offered false statements about the events thereby preventing plaintiff from resolving the issue and obtaining treatment.

Plaintiff's allegations against the Associate Warden, Corda, fail to state a claim. There is no obligation that the warden or other senior officials interview a complaining inmate. Prisoners have no constitutional right to an inmate grievance system. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). Thus, the non-existence of, or the failure of prison officials to properly implement an administrative appeals process within the prison system does not raise constitutional concerns. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991). Plaintiff has not stated a claim against defendant Corda, either under the Eighth or Fourteenth Amendments. Defendant Corda shall be dismissed from the action.

Based on the foregoing, and with good cause appearing,

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall file the Complaint.

**IT IS FURTHER ORDERED** that defendant Tony Corda is dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's Fourteenth Amendment claim for due process is **DISMISSED.**

**IT IS FURTHER ORDERED** that Plaintiff's Eighth Amendment claim **MAY PROCEED** on the complaint.

**IT IS FURTHER ORDERED** that the Clerk shall **electronically serve a copy of this order, along with a copy of Plaintiff's complaint, to the Office of the Attorney General of the State of Nevada, c/o Pamela Sharp, Supervising Legal Secretary, 100 North Carson St., Carson City, Nevada 89701-4717.** The Attorney General shall advise the court within **twenty-one (21) days** of the

4

date of entry of this order whether they can accept service of process for the named defendants and the last known address under seal of the defendants for which they cannot accept service. If the Attorney General accepts service of process for any of the defendants, such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** of the date of the notice of acceptance of service.

**IT IS FURTHER ORDERED** that the parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of the entry of this order.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon defendants or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate showing proper service.

DATED: August 3, 2010.

_____
UNITED STATES DISTRICT JUDGE

```
_____
Name
_____
Prison Number (if applicable)
_____
Address
_____

_____
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| _____, ) | Case No. _____ |
|---|---|
| Plaintiff, ) | |
| ) | |
| v. ) | **NOTICE OF INTENT TO** |
| ) | **PROCEED WITH MEDIATION** |
| _____ ) | |
| _____ ) | |
| Defendants. ) | |
| _____ ) | |

    This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1. Do you wish to proceed to early mediation in this case? _____ Yes _____ No

2. If no, please state the reason(s) you do not wish to proceed with mediation? _____
_____
_____
_____

3. List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).
_____
_____

4. List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

_____

_____

_____

_____

5. Are there any other comments you would like to express to the court about whether this case is suitable for mediation. You may include a brief statement as to why you believe this case is suitable for mediation. (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of entry of this order.**

Counsel for defendants: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this ____ day of _____, 2010.

_____
Signature

_____
Name of person who prepared or
helped prepare this document

7